UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH PARROTT SR,

        Plaintiff,

v.                                          CASE NO. 3:20-cv-888-J-32JBT

STATE OF FLORIDA,

        Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed

in District Court Without Prepaying Fees or Costs, which the Court construes as a

Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 3).   For the reasons stated

herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**

and the case be **DISMISSED**.

### I.    Background

The Court previously took the Motion under advisement and directed Plaintiff

to file an amended complaint that cured the deficiencies set forth in the prior Order.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

(Doc. 6 at 4.)   Specifically, the Court noted that Plaintiff appeared to be requesting that the Court expunge from his state criminal record his 1985 conviction for attempted sexual battery.   (*See* Doc. 1-7 at 13–14.)   Plaintiff relied on Florida Statute Section 943.0585.   (Doc. 1 at 2–6.)   The Court noted that only Florida state courts had authority to expunge his conviction, and therefore there appeared to be no basis for federal court jurisdiction.   (*See* Doc. 6 at 2.)

Plaintiff then filed the Amended Complaint, which is a document titled "Rule 3.01 - Motion for Relief and Restitution" and a memorandum filed separately. (Docs. 7 & 8.)   In the Amended Complaint, Plaintiff appears to bring claims against the State of Florida and the attorney who represented him in his state court case.   (*See id.*)   The undersigned recommends that even liberally construed, the Amended Complaint does not cure the aforementioned deficiencies and does not otherwise state a viable claim.   Thus, the undersigned recommends that the Motion be denied and the case be dismissed.

## II.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).   Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated

2

to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.   Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.   *Id.*

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[2]   As such, even *pro se* complaints

---

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.   *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute

that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed.  *Id.* at 276.

### III.  Analysis

The undersigned recommends that, even liberally construed, the Amended Complaint does not meet the above requirements and fails to cure the deficiencies set forth in the Court's prior Order.   Plaintiff appears to be attempting to bring claims based on his 1985 Florida state court conviction for attempted sexual battery, alleging violations of the Fourth, Eighth, Ninth, Thirteenth, Fourteenth, and Fifteenth Amendments.   (Doc. 8 at 4.)   Plaintiff alleges that the state court case "was a conspiracy against me by the sheriff department and the state attorney office."   (*Id.*)   Plaintiff appears to bring one claim against the State of Florida and one claim against the attorney who represented him in the state court case.   (*Id.* at 2–4.)   Plaintiff requests $5,000,000.00 in damages and a temporary restraining order, although he does not indicate the purpose of the restraining order or who it would be against.   (*Id.* at 4–5.)

To the extent plaintiff is intending to sue the State of Florida regarding his prior conviction, the undersigned recommends that his claim is barred by Eleventh

---

binding authority and may be relied on only to the extent they are persuasive.").   Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.   Fed. R. App. P. 32.1(a).

Amendment immunity.[3]    *See Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016) ("Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments.") (citations and quotations omitted); *Terell v. U.S.*, 783 F.2d 1562, 1565 (11th Cir. 1986) ("[A]lthough Florida has waived its immunity from tort actions filed in state court, Florida has not waived its immunity from tort suits in federal fora.").   To the extent Plaintiff is attempting to bring a claim against the attorney who represented him in the state court proceedings, the undersigned recommends that the allegations in the Amended Complaint are insufficient to state any claim for relief.

Moreover, to the extent Plaintiff is also requesting that the Court expunge his 1985 Florida state court conviction, the undersigned recommends that this Court has no authority to do so.   (*See* Docs. 7 & 8.)   In making this request, Plaintiff appears to rely on Florida Statute Section 943.0585.   (Doc. 8 at 7–13.) However, Section 943.0585 provides that "*[t]he courts of this state* have jurisdiction over their own procedures, including . . . expunction . . ."   Fla. Stat. § 943.0585(4)(a) (emphasis added).   Thus, it appears only a Florida state court has authority to expunge Defendant's prior state court conviction.   *See also Linge v.*

---

[3] Additionally, because the events which gave rise to Plaintiff's claims occurred approximately thirty-five years ago, Plaintiff's claims are likely barred by the applicable statute of limitations.

*State of Georgia Inc.*, 569 F. App'x 895 (11th Cir. 2014) (holding that the *Rooker-Feldman* doctrine barred the plaintiff's claim to nullify his state court conviction).

Additionally, Plaintiff was convicted of attempted sexual battery, a violation of Florida Statute Section 794.011(5).   (*See* Doc. 1-7 at 13.)   Because this crime is defined in Chapter 794, the conviction likely cannot be expunged.   *See* Fla. Stat. § 943.0584(2)(m); *Williams v. State*, 879 So. 2d 77, 79 (Fla. Dist. Ct. App. 2004) ("The Legislature has enumerated its list of prohibited crimes . . . and the defendant's crimes are among those for which expungement is prohibited.").

## IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 3**) be **DENIED**.

2.      The case be **DISMISSED**.

3.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on November 10, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
Chief United States District Judge

*Pro Se* Plaintiff